

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:15cv1665-ORL-22GJK

BETTYANNE SYLVIA,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.
_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff, BETTYANNE SYLVIA, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § §1331, 1337 and 15 U.S.C. §1692k. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4. Plaintiff, BETTYANNE SYLVIA ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Manatee County, Florida.

5. Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"), is a Florida corporation whose principle office is located at 10550 Deerwood Park Boulevard,

Suite 309, Jacksonville, Florida 32256 and whose registered agent for service of process in the state of Florida is John Crawford, Esq., 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the telephone in a business the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

8. Defendant attempted to collect alleged debts arising from transactions primarily incurred for personal, family or household purposes from Plaintiff.

9. As described herein, Defendant employed business practices resulting in intentional harassment and abuse of Plaintiff and engaged in a pattern of outrageous, abusive and harassing conduct, by and through its agents and representatives, in an effort to collect an alleged debt.

10. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiffs' cellular telephone several times per day, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt.

11. Plaintiff received approximately two (2) to three (3) calls per day to her cellular telephone number from Defendant in an effort to collect the alleged debt at issue.

12. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

13. Upon answering many of these calls, Plaintiff was greeted either by an automated machine- operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

14. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act o 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

15. At all times relevant hereto Plaintiff was the regular user and owner of the subject cellular telephone.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

17. Defendant willfully or knowingly violated the TCPA.

18. Defendant communicated with Plaintiff without meaningful disclosure of its identity in violation of the FDCPA.

19. Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass or abuse in violation of the FCCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff incorporates Paragraphs 1 through 19 herein.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). *See Valencia v The Affiliated*

*Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a) Damages;

      b) Attorney's fees, litigation expenses and costs of suit; and

      c) Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22. Plaintiff incorporates Paragraphs 1 through 19 herein.

23. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including § 559.72, Florida Statutes.

24. Defendant engaged in an act or omission prohibited under §559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his/her family with such frequency as can reasonably be expected to harass the Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a) Statutory Damages;

      b) Actual Damages;

      c) Punitive Damages;

      d) Attorney's fees, litigation expenses and costs of suit; and

      e) Such other or further relief as the Court deems proper.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates Paragraphs 1 through 19 herein.

26. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ Christopher Legg
Christopher Legg, Esq.
*Attorney for Plaintiff*

Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com